# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN JOSEPH SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-3139-JMB |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff John Joseph Sullivan, an inmate at the Farmington Correctional Center ("FCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $10.83. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint. The Court will also deny plaintiff's motion to appoint counsel, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $54.17 and an average monthly balance of $8.36. The Court will therefore assess an initial partial filing fee of $10.83, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri, "Corizon Medical" and Warden Teri Lawson. He does not indicate the capacity in which he sues Lawson. He alleges as follows.

On October 1 between 2:00 and 4:00 p.m. in Room 125 in the medical department, "medical" tried to give plaintiff a "bottle flush," but "they poke a hole and tore [him] inside [his] rectum." This caused bleeding and pain. "They" did not give plaintiff anything, and plaintiff requested medical treatment. On October 24, plaintiff saw Dr. Wudel, who examined plaintiff's rectum and diagnosed hemorrhoids. Plaintiff "told him he was not there and the I [*sic*] screamed at the man to stop three time [*sic*]." Dr. Wudel gave plaintiff hemorrhoidal suppositories and hydrocortisone cream.

On October 25, plaintiff saw "Jeff" about an IRR (Informal Resolution Request). He told him the "same thing was wrong and sore." Plaintiff ran out of the medication and returned to Dr. Wudel, who gave him a refill. Plaintiff said he wanted a second opinion. Plaintiff repeatedly states that "the man" "poked a hole" and injured him.

3

Plaintiff saw Jeff again and filed a second IRR, and completed paperwork to have a colonoscopy. He was told it may be four weeks until he could have the colonoscopy. Plaintiff states that as of November 15, it had been 46 days and "they have not done anything to fix what medical did to me with that bottle flush," and "I am not getting any proper medical here." As relief, plaintiff asks this Court to order them to "fix what they did to me soon," award him $25 million in damages, and order that he be compensated for any medical expenses.

After filing the complaint, plaintiff filed two supplemental documents purporting to amend the complaint. This is an impermissible manner in which to amend a complaint, or otherwise bring claims before the Court. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). In the first supplemental document, plaintiff alleges a "doctor at the CMMP Surgical Center in Jefferson City" said plaintiff had tender tissue spots as a result of the October 1st bottle flush. At FCC, plaintiff continued to see Dr. Wudel. Plaintiff states he has arthritis, and a nurse told him he "had issues." In the second supplemental document, plaintiff alleges that on November 28, a nurse told him he was supposed to stop taking his blood thinner at noon and should not take aspirin. On December 3, plaintiff went to the hospital in Jefferson City and underwent a colonoscopy. Afterwards, the doctor told him that his symptoms were caused by straining or pushing too hard. Plaintiff protested that assessment. The doctor also told him he did not have hemorrhoids. Plaintiff states his stomach is "wrong" and he still has pain in his bottom. He states he takes a stool softener every day.

## Discussion

The complaint fails to state a claim upon which relief may be granted against Lawson. Because plaintiff does not specify the capacity in which he sues Lawson, the Court interprets the

complaint as alleging only official capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). A "suit against a public official in [her] official capacity is actually a suit against the entity for which the official is an agent." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)); *see also White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Here, Lawson is employed by the Missouri Department of Corrections ("MDOC"), a state agency. *See Walker v. Mo. Dep't of Corr.,* 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency)*; see also Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). However, plaintiff has failed to allege sufficient facts to state an official-capacity claim. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Additionally, to the extent plaintiff seeks relief other than prospective injunctive relief, his official capacity claims would be barred by the Eleventh Amendment. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). The complaint would also fail to state an individual-capacity claim against Lawson because it contains no allegations that she engaged in any misconduct. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

The complaint also fails to state a claim upon which relief may be granted against Corizon. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). Here, there are no such allegations. Finally, the State of Missouri is immune from suit. *See Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007).

In consideration of plaintiff's *pro se* status and his apparent desire to amend the complaint, the Court will give him the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must also specify the capacity in which he intends to sue the defendant. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell,* 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is reminded that he may not amend a complaint by filing supplemental or other separate documents. Instead, he must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii*, 512 F.3d at 497.

Plaintiff has also filed a motion to appoint counsel. The motion will be denied, without prejudice. In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering the relevant factors, the Court finds that the appointment of counsel is unwarranted. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is currently no indication that plaintiff cannot investigate the facts and present his claims to the Court. It is not apparent that both plaintiff and the Court would benefit from the appointment of counsel, and the Court will therefore deny the motion at this time, without prejudice. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $10.83 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this Memorandum and Order shall result in the dismissal of this action, without prejudice and without further notice**

Dated this 22nd day of April, 2020.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE