UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN JOSEPH SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-3139-JMB |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff John J. Sullivan, Jr., inmate number 1313206. Plaintiff is presently proceeding in this action *pro se* and *in forma pauperis*.[1] For the reasons explained below, plaintiff's *in forma pauperis* status will be revoked, and this action will be dismissed without prejudice.

### **Background**

Plaintiff initiated this case on November 22, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Corizon, the State of Missouri, and Teri Lawson. The allegations in the complaint concerned medical treatment he received for gastrointestinal symptoms. Briefly, plaintiff alleged he underwent a procedure on October 1, 2019 that injured him. He alleged he

---

[1] Review of records from this United States District Court and the United States District Court for the Western District of Missouri show that plaintiff has, while incarcerated, filed more than three civil actions *in forma pauperis* that were dismissed as frivolous or malicious, or for failure to state a claim. *See Sullivan v. Harris, et al.*, No. 2:18-CV-4203-BCW (W.D. Mo. Sept. 28, 2018) (dismissed Oct. 3, 2018, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failure to state a claim); *Sullivan v. Bates County Circuit Court, et al.*, No. 4:18-CV-861-GAF (W.D. Mo. Oct. 29, 2018) (dismissed Oct. 30, 2018 under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sullivan v. Harris, et al.*, 2:19-CV-4039-BCW (W.D. Mo. Feb. 22, 2019) (dismissed Mar. 19, 2019 under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sullivan v. State of Missouri, et al.*, 4:18-CV-1816-JMB (E.D. Mo. Oct. 23, 2018) (dismissed Mar. 14, 2019 under 28 U.S.C. § 1915(e)(2)(B) for same reasons after being given the opportunity to file two amended complaints); *Sullivan v. Cofer, et al.*, 4:19-CV-1504-PLC (E.D. Mo. May 23, 2019) (dismissed Feb. 25, 2020 under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); and *Sullivan v. Austin, et al.*, 4:19-CV-2044-DDN (July 18, 2019) (dismissed Feb. 24, 2020 under 28 U.S.C. § 1915(e)(2)(B) for same reasons). Accordingly, plaintiff is subject to 28 U.S.C. § 1915(g).

was having ongoing symptoms, including pain and bleeding. After filing the complaint, plaintiff filed supplemental documents in an apparent attempt to allege claims related to such symptoms and to the medical treatment he was receiving. Upon review of the complaint, the Court determined that plaintiff's allegations did not state a viable claim against any of the defendants, but that given the nature of plaintiff's allegations in the complaint and supplemental documents, plaintiff should be given the opportunity to file an amended complaint. On April 22, 2020, the Court entered an order that clearly explained the reasons plaintiff's allegations did not state a viable claim against any of the defendants, including defendant Corizon. The Court also gave plaintiff clear instructions about how to prepare the amended complaint. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## The Amended Complaint

Plaintiff filed the amended complaint against Corizon. His allegations concern the same medical care he received for gastrointestinal symptoms. He alleges he had been taking laxatives and stool softeners, and that on October 1, 2019, he underwent a procedure he identifies as a "bottle flush." He alleges that the medical professionals who performed the procedure did so incorrectly, inasmuch as they positioned him on a bench that was too low and the room had inadequate lighting.

Plaintiff alleges the procedure caused him to suffer pain and injury. He alleges he notices blood in his underwear after he has had a bowel movement, and that he suffers from gas. Attached to the amended complaint is a prescription label for hemorrhoid cream, which plaintiff believes is ineffective because it cannot address the internal injury he believes he suffered on October 1, 2019. He indicates he is receiving ongoing medical treatment, but it is not resolving his symptoms. There are no allegations in the amended complaint that plaintiff has requested

medical treatment and been refused. As relief, he asks the Court to award him punitive damages in the amount of $2 million, and payment for medical bills he may have in the future as a result of the October 1, 2019 procedure.

**Discussion**

According to the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner's ability to proceed *in forma pauperis* is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

As indicated above, plaintiff has accumulated more than three strikes. Accordingly, he may not continue to proceed *in forma pauperis* in this action unless the allegations in the amended complaint show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Proceeding *in forma pauperis* is a privilege, not a right, and it may therefore be revoked if it appears the goals of § 1915 are not being furthered. *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986). *See also Anderson v. Hobbs*, 2014 WL 4425802 (W.D. Ark. Sept. 9, 2014) (revoking *in forma pauperis* status after it became clear plaintiff was not actually in imminent danger of serious physical injury).

Here, plaintiff alleges he suffered pain and injury during a procedure performed on October 1, 2019, well before he initiated this action. First, these allegations establish only past harm, which is insufficient to allow plaintiff to continue proceeding *in forma pauperis* in this action. "[A]n otherwise ineligible prisoner is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

Additionally, plaintiff's allegations of ineffective medical treatment for the symptoms he described do not amount to a showing that he is in imminent danger of serious physical injury. To show imminent danger, a complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Here, the ongoing symptoms plaintiff describes amount merely to discomfort or inconvenience, not serious physical injury. Accordingly, pursuant to 28 U.S.C. § 1915(g), he may not continue to proceed *in forma pauperis* in this action. The Court will therefore revoke plaintiff's *in forma pauperis* status, and dismiss this action without prejudice to the filing of a fully-paid complaint. The Court will also direct the Clerk to return to plaintiff the initial partial filing fee he has paid thus far, and direct the Missouri Department of Corrections to stop any withdrawals from plaintiff's inmate account with regard to this case.

Even if plaintiff were permitted to continue proceeding *in forma pauperis*, this action would be dismissed. In the amended complaint, plaintiff names Corizon as the sole defendant. However, plaintiff's allegations fail to state a viable claim against Corizon. As the Court

4

explained in the April 22, 2020 Memorandum and Order, "[a] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). Here, plaintiff sets forth no such allegations. Finally, plaintiff's allegations would not state a claim of constitutional dimension. Nowhere in the amended complaint does plaintiff allege that any prison official was aware of, and deliberately disregarded, a serious medical need, as required to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's *in forma pauperis* status is **REVOKED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk shall return to plaintiff the initial partial filing fee he has paid to date.

**IT IS FURTHER ORDERED** that the Clerk shall notify the Missouri Department of Corrections to stop all withdrawals from plaintiff's inmate account with regard to this case.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to being re-filed upon payment of the filing fee. A separate order of dismissal will be entered herewith.

Dated this 12th day of June, 2020.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE